**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-1274**

BASIL AL-ASBAHI,

Plaintiff - Appellant,

v.

WEST VIRGINIA UNIVERSITY BOARD OF GOVERNORS; WEST VIRGINIA UNIVERSITY SCHOOL OF PHARMACY; DR. ELIZABETH SCHARMAN, in her official and individual capacities; DR. TERRENCE SCHWINGHAMMER, in his official and individual capacities; DR. JAY L. MARTELLO, in his official and individual capacities; DR. PATRICIA CHASE, in her official and individual capacities; DR. LENA MAYNOR, in her official and individual capacities; DR. MARY EULER, in her official and individual capacities; DR. CHRISTOPHER C. COLENDA, in his official and individual capacities; DR. CHADRICK LOWTHER, in his official and individual capacities,

Defendants - Appellees.

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg. Irene M. Keeley, Senior District Judge. (1:15-cv-00144-IMK)

Submitted: May 24, 2018                              Decided: June 1, 2018

Before TRAXLER and AGEE, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Bruce Fein, W. Bruce DelValle, FEIN & DELVALLE PLLC, Washington, D.C., for Appellant. Monté L. Williams, Julie Ann Moore, Robert L. Bailey, STEPTOE & JOHNSON PLLC, Morgantown, West Virginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Basil Al-Asbahi filed a civil action against the West Virginia University Board of Governors, West Virginia University School of Pharmacy, and several individuals affiliated with the School of Pharmacy (collectively, "Defendants"), regarding his academic dismissal from the school. He now appeals the district court's order granting summary judgment to Defendants on his substantive and procedural due process claims.[*] We affirm.

We "review[] de novo the district court's order granting summary judgment." *Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 565 n.1 (4th Cir. 2015). "A district court 'shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* at 568 (quoting Fed. R. Civ. P. 56(a)). "A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party." *Jacobs*, 780 F.3d at 568 (internal quotation marks omitted). In determining whether a genuine issue of material fact exists, "we view the facts and all justifiable inferences arising therefrom in the light most favorable to . . . the nonmoving party." *Id.* at 565 n.1 (internal quotation marks omitted).

Assuming, without deciding, that Al-Asbahi alleged a protected liberty or property interest, we conclude that he failed to allege a viable due process claim. *See Regents of*

---

[*] Because Al-Asbahi does not challenge in his opening brief the district court's grant of summary judgment to Defendants on his other claims, he has waived appellate review of those portions of the district court's order. *See Grayson O Co. v. Agadir Int'l LLC*, 856 F.3d 307, 316 (4th Cir. 2017) (stating that argument not raised in opening brief is considered waived).

*Univ. of Mich. v. Ewing*, 474 U.S. 214, 222-23 (1985) (assuming without deciding that students have a protected property interest in continued enrollment in institutions of higher education, thus creating both substantive and procedural due process rights); *see also Bd. of Curators of Univ. of Mo. v. Horowitz*, 435 U.S. 78, 84-85 (1978). On appeal, Al-Asbahi first argues that the district court erred in concluding that the decision to dismiss him from the pharmacy program did not violate his substantive due process rights. *See Ewing*, 474 U.S. at 225 (reviewing whether, based on the facts of the case, university's decision to dismiss student "was made conscientiously and with careful deliberation"). As the Supreme Court explained in *Ewing,* courts are not "suited to evaluate the substance of the multitude of academic decisions that are made daily by faculty members of public educational institutions." *Id.* at 226. Thus, judges reviewing academic decisions "should show great respect for the faculty's professional judgment. Plainly, they may not override it unless it is such a substantial departure from the accepted academic norms as to demonstrate that the person or committee responsible did not actually exercise professional judgment." *Id.* at 225 (footnote omitted). Because the record reflects that Defendants' decision to dismiss Al-Asbahi "was made conscientiously and with careful deliberation, based on an evaluation of the entirety of [his] academic career," *id.,* we conclude that the dismissal did not violate Al-Asbahi's substantive due process rights.

Al-Asbahi also contends that the district court erred in finding that his dismissal from the pharmacy program did not violate his procedural due process rights. To state a procedural due process claim, a plaintiff who has identified a protected property interest must "demonstrate deprivation of that interest without due process of law." *Martin v.*

4

*Duffy*, 858 F.3d 239, 253 (4th Cir. 2017) (internal quotation marks omitted), *cert. denied*, 138 S. Ct. 738 (2018). In determining what process a student is owed, courts have consistently distinguished between dismissal for disciplinary and academic reasons. *Horowitz*, 435 U.S. at 87. Although a school is generally required to provide a student notice and an opportunity to be heard before taking a serious disciplinary action against the student, students are not entitled to a hearing before academic dismissal. *Id.* at 90-91. We have thoroughly reviewed the district court's order, the parties' arguments on appeal, and the materials submitted in the joint appendix, and conclude that the dismissal did not violate Al-Asbahi's procedural due process rights.

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*